1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE DISTRICT OF ARIZONA**

8

9    Jesus Rosario Favela-Astorga,              No. CV-24-00140-TUC-JGZ

10                  Petitioner,                  **ORDER**

11   v.

12   United States of America,

13                  Respondent.

14

15        Pending before the Court is Petitioner's Motion for Leave (Motion) to file an out-

16   of-time reply brief. (Doc. 8.) On March 11, 2024, Petitioner filed a Motion to Vacate, Set

17   Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255

18   (Petition). (Doc. 1.) On June 7, 2024, Senior District Judge David Bury[1] ordered the Clerk

19   of Court to serve the Petition on the United States Attorney for the District of Arizona.

20   (Doc. 3.) On August 2, 2024, the government filed a Response. (Doc. 4.) The Court did not

21   receive a reply brief from Petitioner, and on October 4, 2024, the Court issued an order

22   denying the Petition. (Doc. 6.) On October 7, 2024, the Court received Petitioner's pending

23   Motion. In the Motion, Petitioner asserts that he did not receive the government's Response

24   until September 17, 2024 and that the copy of the document he received was missing three

25   pages, which prevented him from "an opportunity to reply to his § 2255 issues." (Doc. 8 at

26   1.) Petitioner requests a complete copy of the government's Response and a 30-day

27   extension to file his reply brief. (*Id.*) The Court will deny the Motion.

28   _____
     [1] On September 10, 2024, the Clerk of the Court reassigned CR 11-150 TUC DCB and CV
     24-140 TUC DCB to this Court.

1    Under 28 U.S.C. § 2255, no due process violation occurs where a movant is not

2    afforded the opportunity to file a reply. *Sarsak v. United States*, 2011 WL 13327342 (C.D.

3    Cal. Apr. 13, 2011); *see also United States v. Schmutzler*, 2017 WL 4648146 (M.D. Pa.

4    Oct. 17, 2017) ("a multitude of courts . . . have held that a § 2255 movant has no absolute

5    right to file a reply brief and that it is entirely within a court's discretion to decide whether

6    to permit a reply brief") (collecting cases). Here, the record clearly supported the Court's

7    order denying Petitioner's ineffective assistance of counsel claims on the merits, which the

8    Court considered even though Petitioner knowingly waived his right to collaterally attack

9    his sentence under § 2255. The Court finds that reopening the case to allow Petitioner to

10    file a reply is neither required by law, nor in the interests of justice. Therefore, Petitioner's

11    Motion will be denied.

12    However, Petitioner may file a motion for reconsideration under Rules 59(e) and

13    60(b) of the Federal Rules of Civil Procedure and in accordance with LRCiv 7.2(g). The

14    Court provides the standards governing motions for reconsideration to assist Petitioner in

15    deciding whether to file such a motion. Under LRCiv 7.2(g), the Court will ordinarily deny

16    motions for reconsideration "absent a showing of manifest error or a showing of new facts

17    or legal authority that could not have been brought to its attention earlier with reasonable

18    diligence." LRCiv 7.2(g). A motion for reconsideration must also "point out with

19    specificity the matters that the movant believes were overlooked or misapprehended by the

20    Court." *Id.*

21    Under Rule 59 of the Federal Rules of Civil Procedure, a party may file a motion to

22    alter or amend a judgment no later than 28 days after the entry of judgment. However,

23    because 21 days have already passed since the entry of judgment, the Court will grant

24    Petitioner 28 days from the date of this order in which to file a motion under Rule 59. Like

25    the standard under LRCiv 7.2(g), reconsideration under Rule 59(e) is appropriate if the

26    Court committed clear error or the initial decision was manifestly unjust, or if there is newly

27    discovered evidence or an intervening change in controlling law. *Sch. Dist. No. 1J,*

28    *Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may file a motion for relief from judgment within a reasonable time, but no more than a year if seeking relief under subsections (1), (2), and (3). Rule 60(b) provides six grounds for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

**IT IS ORDERED:**

1.      Petitioner's Motion for Leave for Out-of-Time Reply (Doc. 8) is **denied**.

2.      The Court's Order dated October 4, 2024, remains in effect.

3.      The deadline to file a motion for reconsideration under Rule 59(e) is extended to November 22, 2024.

Dated this 25th day of October, 2024.

_____
Jennifer G. Zipps
Chief United States District Judge

- 3 -